UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

  v.

TERRY ALONZA BROWN and
DOUG BRADLEY
a/k/a "Stunner"

CASE NO. 3:25-cr- *144-WWB-PDB*
21 U.S.C. § 846 & 841(b)(1)(A)
(Conspiracy and Attempt to Distribute
and Possess with Intent to Distribute
Controlled Substance)

21 U.S.C. §§ 841(a)(1) and
841(b)(1)(A)
(Possession with Intent to Distribute
Controlled Substances)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Distribute a Controlled Substance)

From an unknown date beginning at least as of June 23, 2025 and continuing

on that date, in the Middle District of Florida, and elsewhere, the defendants,

TERRY ALONZA BROWN and
DOUG BRADLEY, a/k/a "Stunner"

did knowingly and willfully conspire with each other and other persons, both known

and unknown to the Grand Jury, to distribute and possess with intent to distribute a

controlled substance, which involved 500 grams or more of methamphetamine, a

Schedule II controlled substance.

Before TERRY ALONZA BROWN committed the offense charged in this

count, he had a final conviction for a serious drug felony, specifically Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and 50 grams or more of Cocaine Base (Count One), Distribution of 5 grams or more of Cocaine Base (Counts Two, Three, and Four), and Possession with Intent to Distribute Cocaine and 50 grams or more of Cocaine Base (Counts Five and Six) in an Amended Judgment on or about April 2, 2013, for which he served more than 12 months of imprisonment on all counts and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before DOUG BRADLEY, a/k/a "Stunner," committed the offense charged in this count, he had a final conviction for a serious drug felony, specifically Conspiracy to Distribute and Possess with Intent to Distribute 5 kilograms or more of Cocaine and 50 grams or more of Cocaine Base (Count One), in a Judgment on or about November 7, 2008, which was later reduced and made effective on November 1, 2015, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

## COUNT TWO
### (Attempt to Possess with Intent to Distribute Fentanyl)

On or about June 20, 2025, in the Middle District of Florida, and elsewhere, the defendant,

TERRY ALONZA BROWN,

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which involved 400 grams or more of fentanyl, a Schedule II controlled substance.

Before TERRY ALONZA BROWN committed the offense charged in this count, he had a final conviction for a serious drug felony, specifically Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and 50 grams or more of Cocaine Base (Count One), Distribution of 5 grams or more of Cocaine Base (Counts Two, Three, and Four), and Possession with Intent to Distribute Cocaine and 50 grams or more of Cocaine Base (Counts Five and Six) in an Amended Judgment on or about April 2, 2013, for which he served more than 12 months of imprisonment on all counts and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

## COUNT THREE
**(Possession with Intent to Distribute Methamphetamine)**

On or about June 23, 2025, in the Middle District of Florida, the defendant,

DOUG BRADLEY, a/k/a "Stunner",

did knowingly and intentionally possess with intent to distribute a controlled substance, which involved 500 grams or more of methamphetamine, a Schedule II controlled substance.

Before DOUG BRADLEY, a/k/a "Stunner," committed the offense charged in this count, he had a final conviction for a serious drug felony, specifically Conspiracy to Distribute and Possess with Intent to Distribute 5 kilograms or more of Cocaine and 50 grams or more of Cocaine Base (Count One), in a Judgment on or about November 7, 2008, which was later reduced and made effective on November 1, 2015, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## COUNT FOUR
### (Possession with Intent to Distribute Methamphetamine)

On or about June 23, 2025, in the Middle District of Florida, the defendant,

TERRY ALONZA BROWN,

did knowingly and intentionally possess with intent to distribute a controlled substance, which involved 500 grams or more of methamphetamine, a Schedule II controlled substance.

Before TERRY ALONZA BROWN committed the offense charged in this count, he had a final conviction for a serious drug felony, specifically Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and 50 grams or more of Cocaine Base (Count One), Distribution of 5 grams or more of Cocaine Base (Counts Two, Three, and Four), and Possession with Intent to Distribute Cocaine and 50 grams or more of Cocaine Base (Counts Five and Six) in an Amended

Judgment on or about April 2, 2013, for which he served more than 12 months of imprisonment on all counts and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## FORFEITURE

1.    The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.    Upon conviction of a violations of 21 U.S.C. §§ 846 and 841(a)(1), the defendants shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.    If any of the property described above, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be

divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p).


A TRUE BILL,


Foreperson


GREGORY W. KEHOE
United States Attorney

By:

A. TYSEN DUVA
Assistant United States Attorney

By:

MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division


6

FORM OBD-34
7/7/25 Revised

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

### TERRY ALONZA BROWN and
### DOUG BRADLEY
### a/k/a "Stunner"

## INDICTMENT

Violations: 21 U.S.C. §§ 846 and 841(a)(1)

A true bill,

Foreperson

Filed in open court this _9th_ day

of July, 2025.

_____
Clerk

Bail   $_____